14th St. Med., P.C. v Epstein (2021 NY Slip Op 01496)





14th St. Med., P.C. v Epstein


2021 NY Slip Op 01496


Decided on March 16, 2021


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: March 16, 2021

Before: Renwick, J.P., Kapnick, Oing, Moulton, JJ. 


Index No. 651211/18 Appeal No. 13348 Case No. 2020-02474 

[*1]14th Street Medical, P.C., Plaintiff-Respondent,
v
Micheline Epstein, M.D., Defendant-Appellant.


Berger & Webb, LLP, New York (Jonathan Rogin of counsel), for appellant.
Law Offices of Kenneth L. Kutner, New York (Kenneth L. Kutner of counsel), for respondent.



Order, Supreme Court, New York County (Kathryn E. Freed, J.), entered April 22, 2020, which, to the extent appealed from as limited by the briefs, granted plaintiff's motion for partial summary judgment on the issue of liability on its first cause of action for breach of the 90-day notice provision of the parties' employment contract, dismissed the portion of defendant's first counterclaim that alleged breach of the same provision, and dismissed the second counterclaim for retaliation under the Labor Law, and denied defendant's motion for summary judgment dismissing the complaint, unanimously modified, on the law, to the extent of granting plaintiff's motion for summary judgment on its first cause of action only to the extent of determining that defendant resigned from her position and was not terminated, and otherwise affirmed, without costs.
Defendant Epstein's contention that there is an issue of fact as to whether she was terminated from her position as a physician with plaintiff without giving the 90 days' notice required by her employment contract, or was verbally terminated by plaintiff's administrator, Yan Feldman, is barred by the doctrine of collateral estoppel. In a separate action brought by Epstein against the administrator, the court granted the administrator's motion to dismiss the action based on documentary evidence refuting Epstein's allegation that the administrator verbally terminated her before she resigned. Since the prior order addressed the same factual issue and found against Epstein on the merits, she is precluded from relitigating that issue in this action (see BDO Seidman LLP v Strategic Resources Corp., 70 AD3d 556, 560 [1st Dept 2010]). As Epstein concedes, that determination requires dismissal of her second counterclaim, for retaliation.
However, Epstein also alleges in her first counterclaim that, before she resigned, plaintiff materially breached the employment agreement by interfering with her contractual right to exercise independent professional judgment in treating her patients and pressuring her to order unnecessary tests and procedures. The court denied plaintiff's motion to dismiss that portion of Epstein's counterclaim, finding issues of fact on that issue. A nonbreaching party is discharged from performing any further obligations under the contract and may elect to terminate the contract and sue for damages or continue the contract (see Awards.com v Kinko's, Inc., 42 AD3d 178, 188 [1st Dept 2007], affd 14 NY3d 791 [2010]). Accordingly, if Epstein prevails on that portion of her breach of contract counterclaim, she also will not be liable to plaintiff for resigning without giving 90 days' notice. Thus, plaintiff is only entitled to summary judgment on the factual issue actually and necessarily decided in the court's prior order, which is that defendant resigned from her position and was not terminated (see CPLR 3212[g]).
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION[*2], FIRST DEPARTMENT.
ENTERED: March 16, 2021